Exceptions were taken to this charge, a new trial prayed and refused, and a bill of exceptions also taken to that refusal.
 

 The criterion of damages in this case depends on correct construction of the covenant, and in making that construction every word used should be considered as operative. Why say that the value of the potash should be five dollars, if the value at the time was a matter of no consequence in a case of failure ?
 

 * The manner in which this is drawn imports that something more in case of failure was intended than merely after the expiration of 90 days to return $125, which had been advanced in cash, and that too without interest, which would have been the case on the construction contended for. We believe the construction put on it by the Circuit Court will better comport with the intention of the parties as expressed on the face of the instrument.
 

 The value of any article of property at a particular day is frequently a mere matter of opinion in the witnesses, and if no di
 
 *580
 
 rect testimony is adduced of the value at that particular day, testimony of the value at a period not far distant from it, either before or after, is competent testimony to be left to a jury.
 

 Here the witness gave nine dollars per hundred for potash about six weeks after the time of delivery stipulated between these parties, and was informed that it had been as low as six dollars some time before. The jury valued it at about seven dollars, and we cannot say that they were not authorized to draw this conclusion. Another reason for a new trial was assigned: that the transcript of the record from the County Court was taken by the jury from their box into their room on retirement, which was delivered to them by the plaintiff’s counsel in open court; and that no part of it had been read in evidence to them except the pleadings. By a law of this State, a jury may take with them all papers read in evidence, though not under seal. The record here does not exhibit any evidence of the fact that the jury took the transcript, except that it is stated to have been delivered to them in open court. If the defendant’s counsel did not object to it then, he ought not afterwards to urge it as a reason for a new trial, even if it should be deemed irregular. This would be to permit him to wait the issue of the trial, with the means in his favor of setting it aside against him. The application of this principle * to the present case has greater force, when from the transcript of the record in the County Court it appears that if the verdict and judgment in the County Court could have had any effect on the minds of the jury, it must have been in favor of the defendant, the verdict there being for the sum which he now contends the jury in the Circuit Court ought to have found.
 
 Let the judgment he affirmed.
 

 See, as to
 
 delivery of paper not read in evidence to jury, Stewart
 
 v.
 
 Pitman,
 
 MSS., Brownsville, 1869. As to
 
 specific articles, Gamble
 
 v.
 
 Hatton,
 
 Peck, 130;
 
 Williams
 
 v.
 
 Brasfield,
 
 9 Yer. 270;
 
 Langtree
 
 v.
 
 Walker,
 
 6 Hum. 336;
 
 Baird
 
 v.
 
 Tolliver,
 
 6 Hum. 186;
 
 Murry
 
 v.
 
 McMackin,
 
 4 Yer. 41;
 
 Doak
 
 v.
 
 Snapp,
 
 1, Cold. 180;
 
 Hixon
 
 v.
 
 Hixon,
 
 7 Hum. 33;
 
 Ross
 
 v.
 
 Carter,
 
 1 Hum. 415;
 
 Jones
 
 v.
 
 Harrison,
 
 3 Hay. 92, and note
 
 sub fin.; Noe v. Hodges,
 
 5 Hum. 103;
 
 Hopson
 
 v.
 
 Fountain,
 
 5 Hum. 140;
 
 Brown
 
 v.
 
 Simpson,
 
 6 Yer. 295; King’s Digest, 187, 4081, 5142, 9386.